IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREA HOLIFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELI LILLY AND COMPANY et al., )<br>)<br>Defendants. )<br>) | <br><br><br><br>CASE NO.: 3:06CV482-VPm<br><br><br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendant Eli Lilly and Company ("Lilly") hereby removes this action, with full reservation of all defenses, from the Circuit Court of Lee County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. In support of this Notice, Lilly states as follows:

**I.    INTRODUCTION**

1.    This is one of many cases that have been filed recently in both federal and state courts around the country involving the prescription medication Zyprexa®. On April 14, 2004, the Judicial Panel on Multidistrict Litigation ("the Panel") directed that then-pending Zyprexa® cases be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District

of New York, before the Honorable Jack Weinstein pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Zyprexa Products Liability Litigation*, MDL 1596 (E.D.N.Y.) (attached as Exhibit "A"). Additional Zyprexa® cases pending in federal court, which are similar to the actions previously transferred to the Eastern District of New York and assigned to the Honorable Jack B. Weinstein, are treated as potential tag-along actions. Several hundred cases have been transferred as tag-along actions, some of which have involved the fraudulent joinder of a treating physician. *See id*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Lilly intends to seek inclusion of this case within the Zyprexa® multidistrict ("MDL") proceeding. To that end, Lilly intends to seek a stay of all proceedings in this action, and the eight other identical actions filed by this Plaintiff's counsel, in order to allow the Panel to review these cases and make appropriate transfer decisions.

      2.    As more fully set out below, this case is properly removed to this Court under 28 U.S.C. § 1441, because Lilly has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## II.    BACKGROUND

      3.    Plaintiff commenced this action on March 23, 2006, by filing her Complaint in the Circuit Court of Lee County, Alabama. (True and correct

copies of all process, pleadings, discovery, and orders served upon Lilly to date in the Circuit Court of Lee County, Alabama, are attached hereto collectively as Exhibit "B").

    4.    Lilly was served with the Complaint on May 8, 2006.

    5.    A Tag Along Notice is being filed with the Judicial Panel on Multidistrict Litigation (the "Panel") because this action is related to the Zyprexa Products Liability Litigation previously transferred to the Honorable Jack B. Weinstein in the Eastern District of New York as MDL 1596.

    6.    The Panel will shortly issue a Conditional Transfer Order conditionally transferring this action to the Eastern District of New York for consolidated and coordinated pretrial proceedings in MDL 1596.

## III.    THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332

    7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.    Amount in Controversy

    8.    The Complaint alleges that Plaintiff has sustained "serious and permanent injuries and damages including, but not limited to: a. hyperglycemia, diabetes, lack of glycemic control, and/or related injuries; b. other physical

injuries; c. past and future health expenses including, without limitation, the cost of consultations with physicians and other medical treatment; d. physical and mental pain and suffering; e. mental anguish; f. loss of capacity for the enjoyment of life; g. loss of the ability to earn money in the future; and h. decreased life expectancy." Compl. at ¶¶ 34, 41.

9. Plaintiff avers that the Defendants' conduct caused Plaintiff's claimed injuries and Plaintiff seeks punitive damages. *See, e.g.,* Compl. at ¶¶ 34, 41, 50, 55, 61, 67, 78.

10. Under Alabama Law, by bringing a civil action for physical injury, plaintiff can claim and recover punitive damages of up to $1,500,000 or three times the amount of compensatory damages, whichever is greater. Ala. Code § 6-11-21(d). Accordingly, the amount and nature of compensatory damages to which Plaintiff alleges she is entitled, combined with her allegations of intentional conduct and the corresponding punitive damages she is seeking, demonstrate that the amount in controversy clearly exceeds the jurisdictional minimum of $75,000.

11. Alabama courts routinely uphold awards far in excess of $75,000 for actual and punitive damages in personal injury actions. *See, e.g., Hobart Corp. v. Scroggins*, 776 So. 2d 56 (Ala. 2000) (affirming award of $250,000 in compensatory damages on claim under Alabama Extended Manufacturer's Liability Doctrine ("AEMLD")); *Hill Mfg. v. Webb*, 724 So. 2d

1137 (Ala. 1998) (affirming award of $300,000 in compensatory damages and $600,000 in punitive damages on claim under AEMLD); *Wal-Mart Stores, Inc. v. Robbins*, 719 So. 2d 245 (Ala. Civ. App. 1998) (affirming award of $10,000 compensatory damages and $190,000 in punitive damages caused by ingestion of prescription medication).

12. Plaintiff seeks punitive damages in an unspecified amount, which is included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). On these facts, Lilly reasonably believes and therefore avers that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

B. **Timeliness**

13. Lilly was served with the Complaint on May 8, 2006. This Notice is therefore timely, as it was filed (a) within thirty days after receipt by the first-served defendant of the notice from which it first ascertained that the case was one which was removable and (b) within one year of the filing of the Complaint.

C. **Diversity of Citizenship**

14. There is complete diversity between Plaintiff and the properly-joined defendant to this action:

      a.      Plaintiff states that she resides in Lee County, Alabama. Compl. at ¶ 2. Accordingly, Plaintiff was at the time this action commenced, and is now, a citizen and resident of the State of Alabama.

      b.      Lilly is, and at the time of filing of this action was, a corporation existing under the laws of the State of Indiana with its principal place of business in the State of Indiana and thus, for jurisdictional purposes, is a citizen of Indiana.

      c.      Plaintiff names fictitious defendants A-E, F-J, K-O, P-T, and U-W; however, the citizenship of these fictitious defendants is irrelevant and must be disregarded pursuant to 28 U.S.C. § 1441(a).

      d.      Plaintiff alleges that Peter Lusche, M.D. ("Doctor Defendant") is, and at the time of the filing of this action was, a citizen of the State of Alabama. Compl. at ¶ 3.1. Nevertheless, the citizenship of Doctor Defendant should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) pursuant to the doctrine of fraudulent joinder. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). For the reasons set forth below, there is no possibility that Plaintiff will be able to establish liability against Doctor Defendant under the allegations of the Complaint.

15. The doctrine of fraudulent joinder prevents plaintiffs from defeating diversity jurisdiction simply by naming in-state defendants. *See Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) ("The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'") (quoting *McKinney v. Bd. of Trustees of Maryland Cmty Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)).

16. Fraudulent joinder does not require proof of fraud. Rather, the doctrine of fraudulent joinder permits the Court to ignore the citizenship of a non-diverse defendant where there is "no possibility that the plaintiff can establish any cause of action against the resident defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

17. The potential for legal liability "'must be reasonable, not merely theoretical.'" *Legg*, 428 F.3d at 1324 n.5 (11th Cir. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)). The Eleventh Circuit in *Legg* noted that "possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.'" *Id.* (citing *Braden v. Wyeth*, CV-04-PT-235-E (N.D. Ala. June 30, 2005)).

18.  Doctor Defendant has been fraudulently joined because reason and common sense dictate that there is no possibility Plaintiff can establish any claim against him under the allegations of the Complaint.

(1) **Plaintiff's Allegations Do Not Provide A Sufficient Factual Basis To State A Cause Of Action Against Doctor Defendant.**

19.  As an initial matter, Plaintiff directs only one of the counts in her Complaint to the alleged medical negligence of Doctor Defendant. The remaining six counts simply lump Doctor Defendant together with Lilly and numerous fictitious defendants. *See, e.g.,* Compl. at ¶ 36 ("At all times material hereto, the Defendants, individually and collectively, have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Zyprexa, that was defective and unreasonably dangerous to the Plaintiff."). Such allegations are not sufficient to state a factual basis for any claim against Doctor Defendant. *See, e.g., Lizana v. Guidant Corp.*, No. 1:03cv254, slip op. at 5 (S.D. Miss. Jan 21, 2004) (observing that a "plaintiff wishing to defeat a fraudulent joinder claim must plead specific facts and avoid advancing claims in general terms or make mere allegations of wrongdoing on the part of the non-diverse defendant"); *Zellmer v. Merck & Co., Inc.*, No. 1:03-CV-2530, slip op. at 6 (N.D. Ga. Nov. 17, 2003)[1] (finding fraudulent joinder where "Plaintiff . . . failed to allege specific facts supporting claims against the individual Defendants"); *In re Rezulin*

---

[1]  Slip Opinions are attached hereto as Exhibit "C."

*Prods Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("Rezulin II") (finding that pharmaceutical representative was fraudulently joined where plaintiff made "no specific allegations" against him); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants] than the failure of the plaintiff "to set forth any specific factual allegations" against them).

20.   Similarly, Plaintiff fails to provide any factual support for the allegations in Count I, the only cause of action in the Complaint specifically directed to Doctor Defendant, and instead provides only broad, conclusory assertions of wrongdoing.  Plaintiff alleges that Doctor Defendant prescribed Zyprexa and "knew or should have known that the drug was unreasonably dangerous and/or would cause injury to Plaintiff." *See* Compl. at ¶ 26.  Plaintiff further alleges that Doctor Defendant was negligent because he "never alerted Plaintiff to the possible dangers or advised Plaintiff to monitor blood sugars or undergo any examination, and/or diagnostic testing to determine if Plaintiff had sustained injuries." Compl. at ¶¶ 27, 30.  Such allegations are insufficient to state a claim against Doctor Defendant, because they are not supported by any underlying facts. *See Flores v. Merck & Co.*, No. C-03-362, 2004 U.S. Dist. LEXIS 28017, at *2 (S.D. Tex. Mar. 12, 2004) ("[W]hen plaintiffs make general

allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted.") (quoting *Staples v. Merck & Co., Inc.*, 170 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (internal citations omitted)).

### (2) The Allegations Against Doctor Defendant Fail To Comply With The Alabama Medical Liability Act And Therefore Fail To State A Claim Upon Which Relief May Be Granted.

21. Plaintiff's failure to state any factual support for her conclusory allegations against Doctor Defendant renders her Complaint deficient under the Alabama Medical Liability Act ("AMLA").

22. The AMLA provides stringent pleading requirements for Complaints alleging injuries against healthcare providers:

> The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. . . . <u>Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.</u>

Ala. Code § 6-5-551 (2005) (emphasis added).

23. As this is a mass tort case directed at Lilly, it is not surprising that Plaintiff's Complaint fails to specifically plead any factual basis for the claims asserted against Doctor Defendant. Instead, Plaintiff provides only broad, conclusory allegations that fall far short of the "detailed specification and factual

description of each act and omission" required by the AMLA. For example, Plaintiff has failed to allege any specific circumstances surrounding Doctor Defendant's alleged prescribing of Zyprexa to Plaintiff. Such incomplete and conclusory pleading fails to state a claim under the AMLA, and, as a result, there is no possibility that Plaintiff can establish a claim against Doctor Defendant.

24. This case is one of nine identical cases filed by Plaintiff's counsel throughout Alabama. The complaints in each of the nine cases are exactly the same, the only difference being the name of the plaintiff and the name of a treating physician. Clearly, the use of a form Complaint against nine different treating physicians cannot provide the specificity contemplated by the AMLA.

(3) **The Allegations That Doctor Defendant Knew Or Should Have Known Of The Alleged Dangers of Zyprexa Is Untenable.**

25. At the heart of each of Plaintiff's claims is the allegation that the risks of Zyprexa were misrepresented to and/or suppressed from Plaintiff and her physician, such that Plaintiff and Plaintiff's physician were not fully informed about Zyprexa's alleged harmful effects, and consequently Plaintiff used Zyprexa and incurred resulting injuries. *See* Compl. at ¶ 72 ("The Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that the Plaintiff and/or Plaintiff's physician would rely on them, leading to the use of the drug by the Plaintiff.") (emphasis added).

26. The allegations that Lilly failed to provide accurate representations regarding the safety of Zyprexa to Plaintiff's physician render untenable any allegation that Doctor Defendant is liable to Plaintiff for negligently prescribing Zyprexa and/or negligently monitoring and informing Plaintiff. Thus, taking the Plaintiff's factual allegations as true, there is no possibility that Plaintiff can establish her claims of medical negligence against Doctor Defendant and, therefore, he has been fraudulently joined. *See Flores*, 2004 U.S. Dist. LEXIS 28017, at *3 ("The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon [non-diverse physician] for negligence when the plaintiffs' own petition states that [non-diverse physician] . . . was not made aware of the risks of the ingestion of the drug."); *In re Baycol Prod. Litig.*, 2004 U.S. Dist. LEXIS 28068 at *5 ("[T]he Court finds that claims against the Physician Defendants have no reasonable basis in fact where the main thrust of the complaint is that the [manufacturer defendants] misrepresented Baycol's risks and failed to adequately warn the treating physicians of such risks or willfully deceived physicians as to Baycol's risks."); *Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 763 (S.D.W.V. 2003) (finding that a resident physician had been fraudulently joined where the claims against resident physician were based on knowledge allegedly withheld by manufacturer defendant and "the gravamen of the malpractice case against [the physician] [was] his failure to know what

allegedly was deliberately hidden."); *Omobude v. Merck & Co.*, No. 3:03-CV-528LN, 2003 U.S. Dist. LEXIS 27006, at *4 (S.D. Miss. Oct. 3, 2003) (holding that physician was fraudulently joined where plaintiff alleged that "Merck withheld and concealed and misrepresented the true facts regarding Vioxx; and yet, without alleging any factual basis for the charge, plaintiff conclude[d] that [the physician] 'knew or should have known' the truth about Vioxx . . . ."); *Brown v. Bristol-Myers Squibb Co.*, No. 4:02cv301LN, 2002 U.S. Dist. LEXIS 27445, at *17 (S.D. Miss. Nov. 30, 2002) (holding claims against resident physician to be "essentially meaningless, since there is no allegation or hint of an allegation in the complaint that [physician] knew or should or could have known of the information that plaintiffs pointedly allege was withheld by the manufacturer defendants").

### IV.   PROCEDURAL REQUIREMENTS

27.   This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441.

28.   It is well-established that consent is not needed where defendants, such as Doctor Defendant, have been fraudulently joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Wiggins v. American Home Products Corp.*, No. 01-J-2303-NW, 2001 WL 34013629, at *3 (N.D. Ala. Oct. 2, 2001).

29. The United States District Court for the Middle District of Alabama is the federal jurisdiction encompassing the Circuit Court of Lee County, Alabama, where this suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

30. Written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Lee County, Alabama, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Lee County, Alabama, to the United States District Court for the Middle District of Alabama.

DATED this 26th day of May, 2006.

Respectfully,

/s/ Alan D. Mathis
James C. Barton, Jr. (BAR014)
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis (MAT052)
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on this 26th day of May 2006 upon the following:

> Joseph L. Tucker, Esq.
> JACKSON & TUCKER, P.C.
> Black Diamond Building
> 2229 First Avenue North
> Birmingham, Alabama  35203
>
> David P. Matthews, Esq.
> ABRAHAM, WATKINS, NICHOLS
> SORRELS, MATTHEWS & FRIEND
> 800 Commerce Street
> Houston, Texas  77002
>
> Peter Lusche, M.D.
> 3120 Frederick Road
> Opelika, Alabama  36801

_____
Of Counsel

W0558728.DOC

-15-